50 So.2d 8

## McINTOSH v. STATE.

### 6 Div. 96.

Court of Appeals of Alabama.
Jan. 9, 1951.

Mitchell & Galin, of Cullman, for appellant.

A. A. Carmichael, Atty. Gen., and Wallace L. Johnson, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

This appellant was indicted for forgery. In the trial below he interposed pleas of not guilty, and not guilty by reason of insanity. The jury returned a verdict of guilty.

■ The evidence presented by the State was ample in its tendencies showing the appellant to be guilty of the offense

charged. In fact no evidence was presented by the defense in rebuttal of this factual phase.

In support. of the plea of insanity the defense introduced two physicians who had treated appellant from time to time, and also certain letters from officials of a veterans hospital. The physicians disclaimed any qualifications as psychiatrists. The sum of their testimony was to the effect that appellant was not normal mentally.

There appears in the record, introduced by the defense, a letter to one of these physicians from the Chief of the Neuropsychiatric Service of the Veterans Hospital in Murfreesboro, Tennessee. It is to be noted that in this letter it is stated: "On October 13, 1949, he (appellant) was given a major diagnosis of Psychosis with psychopathic personality, psychosis in remission. He was considered sane and competent." The offense for which appellant was tried was committed on 23 November 1949.

The State introduced several lay witnesses whose testimony tended to establish the sanity of the appellant.

Pretermitting consideration of the sufficiency of appellant's evidence to establish his plea of insanity, it is clear that certainly the weight to be accorded it was solely within the province of the jury. It was the jury's responsibility to weigh all of the evidence, lay and expert, pertaining to the accused's mental competency. They might reject it all even though it is without conflict. Fitzhugh v. State, ante, p. 18, 43 So.2d 831, certiorari denied, 235 Ala. 246, 43 So.2d 839.

The jury's conclusion in this case as to the accused's mental condition is supported by substantial evidence. We would not be justified in disturbing the judgment entered pursuant to the verdict. No error therefore resulted in the denial by the trial court of the defendant's motion for a new trial because of the insufficiency of the evidence to support the verdict.

All rulings pertaining to the admission or rejection of evidence were in our opinion clearly correct, and consequently do not invite discussion.

No charges were requested in the trial below.

Affirmed.